## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

In re:                                                    Case No.: 16-20417-RAM

JOEL GARCIA PADRON,                                       Chapter 13 Case

      Debtor.

_____/

### RESPONSE TO DEBTOR'S OBJECTION TO CLAIM #3 [D.E. 60]

Wells Fargo Bank, N.A. (the "Secured Creditor"), by and through undersigned counsel, files this *Response to Debtor's Objection to Claim #3* [D.E. 60], and states as follows:

### Background

1.      On July 27, 2016, Debtor commenced this bankruptcy case by filing a petition for relief under Chapter 13 of the United States Bankruptcy Code.

2.      Secured Creditor maintains a security interest in the Debtor's real property, located at 1078 NW 145th Street, Miami, Florida 33168 (the "Property"), by virtue of a Mortgage recorded in Book 25186, Page 3262 of the Official Records of Miami-Dade County, Florida.  Said Mortgage secures a Note and copy of the Mortgage and the Note are attached to the filed *Proof of Claim*.

3.      Pre-petition, Secured Creditor prosecuted a foreclosure action against the Debtor and others in the matter of Wells Fargo Bank, N.A. v. Joel Garcia, et al., Miami-Dade County Case #2016-39708-CA-01 (the "Foreclosure"). An Answer and Affirmative Defenses was filed on behalf of the Debtor in the Foreclosure, a copy of which is attached as **Exhibit A**.  In pertinent part, the Debtor raised affirmative defenses related to alleged misapplication or improper application of payments.[1]  Notwithstanding these defenses, on March 31, 2016 the state court entered a Final

_____

[1] See, e.g., Second Affirmative Defense; Third Affirmative Defense.

Judgment of Foreclosure, a copy of which is attached as **Exhibit B**, in the amount of $230,686.98 (the "Judgment").

4.      On November 23, 2016, the Secured Creditor timely filed a secured *Proof of Claim* (the "***Claim***") [Claim No. 3] in the principal balance amount of $225,732.72, with an arrearage of $46,198.30.

5.      On December 1, 2017, Debtor filed the *Objection to Claim #3* [D.E. 60] (the "Objection").  Debtor does not dispute that the Claim is timely filed before the claims bar date.  As such, Secured Creditor submits the filing of the Claim "shall constitute prima facie evidence of the validity and amount of the Claim." Fed. R. Bankr. P. 3001 (f).

6.      The Objection contends in essence that the arrearage claim should be reduced from $46,198.30 to $25,000.00 due to alleged misapplication of payments or other accounting errors. The Debtor takes this position based on a review of the Form 410A payment history attached to the Proof of Claim, which reflects the full payment history from January 15, 2007 through July 27, 2016 (the Petition Date).

      a.      The Debtor asserts there was an overcharge of $6,124.45 from the period of August 2010 through February 2012.  See, e.g., Objection at ¶1.

      b.      The Debtor further asserts that he "gave a bank employee a check which was never applied to the account in the total of approximately $800.00." See, e.g., Objection at ¶4.  No information is provided as to the reason for this check,[2] or the date the check was allegedly given to a bank employee.

7.      The Debtor's Objection seeks to in effect re-litigate all of the amounts due and owing under the Note and Mortgage, notwithstanding the pre-petition entry of the Judgment in the

---

2 The statement that the Debtor provided a check to "a bank employee" is an enigmatic allegation.  For instance, this could mean the Debtor provided a check of $800.00 a bank employee for payment on a credit card account, or even that the Debtor provided a check of $800.00 for personal reasons to a social acquaintance who happens to work at the bank.  Irrespective of the veracity of this allegation, the statement itself (taken as true) does not logically yield the conclusion urged by the Debtor.

Foreclosure proceeding.  The Debtor specifically is <u>not</u> asserting that there are any accounting improprieties occurring during the post-judgment period, i.e. from April 1, 2016 onward.  Rather, the Debtor is asking this Court to re-examine and re-hear the arguments raised by the Debtor in his Affirmative Defenses to the Foreclosure, which were already heard and considered by the state court prior to the entry of the Judgment.

### <u>Res Judicata, Collateral Estoppel, and the Rooker-Feldman Doctrine<br>Bar the Re-Litigation of the Issues Raised in the Objection</u>

8.    The Judgment is and remains a final judgment entered by a Court of competent jurisdiction.  The doctrines of *res judicata*, collateral estoppel, and *Rooker-Feldman* prohibit this Court from reconsidering the validity of the Judgment.  "[T]he Full Faith and Credit Act, 28 U.S.C. §1738, compels a federal court to accord a state court judgment the same preclusive effect that it would be accorded by the rendering state court." <u>In re Zoernack</u>, 289 B.R. 220, 226 (Bankr. M.D. Fla. 2003).  In order to effectuate the Full Faith and Credit Act, "federal courts consistently have applied res judicata and collateral estoppel to causes of action and issues decided by state courts." <u>Kremer v. Chemical Constr. Corp.</u>, 456 U.S. 461, 467 n.6 (1982). While the *Rooker-Feldman* doctrine is closely related to res judicata and collateral estoppel, the purpose of the Rooker-Feldman doctrine is to limit the jurisdiction of most federal courts over state court litigation. See <u>In re Zoernack</u>, 289 B.R. at 230. The three doctrines may apply when a debtor asks a bankruptcy court to second guess an alleged "wrongfully entered" state court order as the Debtor is in effect attempting to by way of the Objection. <u>Id</u>.

9.    The doctrine of res judicata precludes the Debtor from asserting a claim challenging the Judgment, including the amounts due thereunder. Res judicata, or claim preclusion, "bars the parties to an action from relitigating matters which were or could have been litigated in an earlier

suit." <u>Shurick v. Boeing Co.</u>, 623 F.3d 1114, 1116 (11th Cir. 2010). In this case, res judicata bars the consideration of the Objection by this Court, because the matters raised in the Objection were specifically litigated by the Debtor in the Foreclosure by way of the Debtor's Answer and Affirmative Defenses, and resolved by the state court pursuant to the Judgment.

10.    Likewise, the Debtor is collaterally estopped from re-litigating the amounts due to the Secured Creditor prior to the entry of the Judgment, as the Judgment was a final judgment entitled to full faith and credit in the instant bankruptcy proceedings.  Collateral estoppel, or issue preclusion, "prohibits the relitigation of issues that have been adjudicated in a prior action." <u>Bush v. Balfour Beatty Bahamas, Ltd. (In re Bush)</u>, 62 F.3d 1319, 1322 (11th Cir. 1995). "The basic difference between res judicata … and collateral estoppel . . . is that [res judicata] applies to whole claims, whether litigated or not, whereas [collateral estoppel] applies to particular issues that have been contested or resolved." <u>Zoernack</u>, 289 B.R. at 228.  Collateral estoppel likewise bars the consideration of the Objection by this Court, because the matters raised in the Objection were specifically litigated by the Debtor in the Foreclosure by way of the Debtor's Answer and Affirmative Defenses, and resolved by the state court pursuant to the Judgment.

11.    In addition, the Rooker-Feldman[3] doctrine bars this Court from considering the issues raised by the Debtor in the Objection. Simply put, the Rooker-Feldman doctrine prevents federal courts other than the United States Supreme Court from reviewing the final judgments of state courts. <u>In re Zoernack</u>, 289 B.R. at 230. As discussed above, the Judgment is a final judgment of a Court of competent jurisdiction. Therefore, the doctrine applies to bar this Court from acting as an appellate court to re-review the validity or accuracy of the Judgment.  <u>Id</u>.

12.    In sum, the Judgment is entitled to full faith and credit and the doctrines of res

judicata, collateral estoppel and Rooker-Feldman bar the component of the Objection in which the Debtor seeks to re-litigate the amounts due to Secured Creditor prior to the entry of the March 31, 2016 Judgment.

13.    Secured Creditor is reviewing its records with respect to the allegations raised in the Objection to Claim.  However, in the interim Secured Creditor denies that the information contained in the Proof of Claim is inaccurate and otherwise denies the allegations as stated in the Objection. To the extent the Court is inclined to consider the substantive issues raised in the Debtor's Objection, Secured Creditor respectfully requests the Court schedule an evidentiary hearing to consider the same.

14.    Secured Creditor reserves the right to amend or supplement this Response at or in connection with any hearing set to consider this Matter.

**WHEREFORE**, Secured Creditor respectfully requests that *Objection to Claim* be overruled as provided herein; and for such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: January 11, 2018                     ALDRIDGE | PITE, LLP


/s/ Rachel L. Ahlum
Rachel L. Ahlum (SBN 91291)
RAhlum@aldridgepite.com
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147

---

3 The doctrine derives its name from two United States Supreme Court cases: <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923) and <u>District Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served on January 11, 2018.  Service was accomplished by the method and to the following BY ELECTRONIC NOTICE OR FIRST CLASS MAIL:

Joel Garcia Padron
1078 NW 145th Street
Miami, FL 33168

Ricardo Corona, Esq.
*Via ECF*

Nancy K. Neidich
Chapter 13 Standing Trustee
*Via ECF*

Office of the U.S. Trustee
*Via ECF*

/s/ Rachel L. Ahlum
Rachel L. Ahlum (SBN 91291)
RAhlum@aldridgepite.com
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT, IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

CASE NO: 2012-39708-CA-01

WELLS FARGO BANK, N.A.

        Plaintiff,

vs.

JOEL GARCIA, et. al.,

        Defendants,

_____/

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO VERIFIED COMPLAINT FOR RESIDENTIAL FORECLOSURE

COME NOW the Defendants, **JOEL GARCIA and LERIDA M. COSME,** (Hereinafter "**GARCIA & COSME**"), by and through undersigned counsel, and herein file the Answer and Affirmative Defenses to the Complaint filed by Plaintiff, **WELLS FARGO BANK, N.A.** (hereinafter "**FARGO**"), alleging as grounds therefore the following:

## COUNT I

## FORECLOSURE

1. Defendants **GARCIA & COSME** admit that this is an action to foreclose a mortgage on real property located in Miami-Dade County, Florida, but expressly, directly and explicitly deny any right to bring this action and strict proof is demanded thereon

1

**Exhibit "A"**

2. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

3. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

4. Denied.

5. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

6. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

7. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

8. Defendants **GARCIA & COSME** admit to legal title and possession of subject property, but expressly, directly and explicitly deny any right to bring this action and strict proof is demanded thereon.

9. Denied.

10. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

2

11. Defendants **GARCIA & COSME** are without knowledge as to the allegations of this paragraph including subparagraphs a to j and so the allegations are expressly, directly and explicitly denied, and strict proof is demanded thereon.

<u>**AFFIRMATIVE DEFENSES**</u>

DEFENDANTS **GARCIA & COSME,** by and through undersigned counsel, herein file the Affirmative Defenses to the Complaint filed by **FARGO**, alleging the following:

**FIRST AFFIRMATIVE DEFENSE**

The law is clear and states that every action must be brought by the real party in interest. See *Your Construction Center, Inc. v. Gross*, 316 So.2d 596 (Fla. 4th DCA 1975) and *Greenwald v. Triple D. Properties, Inc.*, 424 So.2d 185 (Fla. 4th DCA 1983). "A crucial element in any mortgage foreclosure proceeding is that the party seeking foreclosure must demonstrate that it has standing to foreclose." *McLean v. JP Morgan Chase Bank Nat'l Assoc.*, 79 So.3d 170, 173 (4th DCA, 2012). Furthermore, the court in *McLean* also held that "if the note does not name the plaintiff as the payee, the note must bear a special endorsement in favor of the plaintiff or a blank endorsement." *Id.*

In paragraph four (4) of the complaint, the Plaintiff alleged that "Plaintiff is entitled to enforce the Note and Mortgage that are the subject of this action." However, this language is ambiguous. It does not specify how the Plaintiff is entitled to enforce the note and/or mortgage. It does not state that Plaintiff holds the Note. Plaintiff has not alleged that it is both the owner and holder of the note and mortgage, as is required under Florida law. *Your Construction Center, Inc. v. Gross,* 316 So.2d 596 (Fla. 4th DCA 1975). Plaintiff's allegation that "Plaintiff is

entitled to enforce the Note and Mortgage that are the subject of this action" is ambiguous as to whether plaintiff is alleging that it is the holder of the note or is the owner of the note and mortgage. *Deutsche v. Kyaw,* FLWSUPP 1901DEUT (Fla. 2d 2011) (finding that pleading one is entitled to enforce fails to meet the threshold requiring a short and plain statement of the ultimate fact showing that the pleader is entitled to relief). Therefore, the Plaintiff has failed to allege properly allege standing

When exhibits are attached to a complaint, the contents of the exhibits control over the allegations of the complaint. *See, e.g., Hunt Ridge at Tall Pines, Inc. v. Hall,* 766 So.2d 399, 401 (Fla. 2d DCA, 2000). There is a copy of a mortgage and a copy of a note attached to the complaint. However, the copy of the Note attached to the complaint shows WORLD SAVINGS BANK, as the lender. There are no endorsements on the copy of the Note attached to the complaint. The Mortgage also shows WORLD SAVINGS BANK as the lender. There are no assignments attached to the complaint. In conclusion, the documentation attached to the complaint does not establish standing.

## SECOND AFFIRMATIVE DEFENSE

**FARGO** and/or the original lender, has collected payments, but failed to properly credit **GARCIA & COSME'** account, and/or collected mortgage payments and/or escrow payments and did not properly credit or post the payments to **GARCIA & COSME'** account in violation of the note, and the mortgage and therefore this action cannot stand. **GARCIA & COSME'** made payments to **FARGO** and/or the original lender, during the term of the loan that **FARGO** and/or the original lender did not properly post to **GARCIA & COSME'** account as required by the note, and the mortgage and therefore this action cannot stand. Furthermore, this is a matter where a full accounting is necessary.

4

## THIRD AFFIRMATIVE DEFENSE

As a result of the improperly collecting and posting of payments to **GARCIA &
COSME'** account and improper payments of moneys that **FARGO** and/or the original lender,
paid out on **GARCIA & COSME'** account, **FARGO** and/or the original lender is estopped or
has waived its right to claim a default, and/or is otherwise before the Court with unclean hands
and cannot foreclose. The Plaintiff and/or original lender have charged fees and a determination
needs to be made on whether these fees are reasonable and allowable under the security
instruments.

## FOURTH AFFIRMATIVE DEFENSE

**FARGO** and/or the original lender, failed to properly accelerate the mortgage and note
by failing to give the proper notice prior to bringing this action to foreclose. Although the
mortgage attached is not specific as to the Notice of Default or Acceleration, Florida Statute §
494.00792(2) states that:

> Before any action filed to foreclose upon the home
> or other action is taken to seize or transfer
> ownership of the home, a notice of the right to cure
> the default must be delivered to the borrower at the
> address of the property upon which any security
> exists for the home loan by postage prepaid certified
> United States mail, return receipt requested, which
> notice is effective upon deposit in the United States
> mail.

Therefore, **FARGO** and/or the original lender, failed to comply with the conditions
precedent to bring this action, and/or is stopped or has waived its right to foreclose based on its
failure to properly accelerate according to the terms of the mortgage, and is otherwise before this

Court with unclean hands. There is no default letter or acceleration notice attached to the complaint.

Furthermore, Paragraph twenty-seven (27) of the Mortgage states that "Lender does not have to give me notice of a Breach of Duty unless notice is required by Applicable Law." Plaintiff has not alleged that that there is no Applicable Law requiring notice. Therefore, Plaintiff has not met all conditions precedent to the acceleration of the Note and Mortgage and/ or the filing of the instant foreclosure complaint. Plaintiff has not provided proof notice of acceleration was mailed to the Defendants thirty (30) days prior to the commencement of this action.

## FIFTH AFFIRMATIVE DEFENSE

**FARGO** and/or the original lender has violated Florida Statute 559.715 which is part of the Florida Consumer Collection Practices Act ("FCCPA"). According to Fla. Stat. 559.715:

> Assignment of consumer debts – This part does not
> prohibit the assignment by a creditor of the
> right to bill and collect a consumer debtor.
> However, the assignee must give the debtor written
> notice of such assignment as soon as practical after
> the assignment is made but at least 30 days before
> any action to collect the debt.

In this action, Plaintiff or the original lender has failed to provide the Defendants with the required notice of assignment. Therefore, this action should be dismissed.

## SIXTH AFFIRMATIVE DEFENSE

6

Negative Averment as to Authenticity. DEFENDANTS raise by negative averment the lack of authenticity and or validity of any signatures or endorsements on the Note, Mortgage, allonge or any assignments thereof, filed by the plaintiff in connection with this case. Negative Averment is raised by DEFENDANTS pursuant to Florida Statute 673.3081 (1) wherein it states that "an action with respect to an instrument is admitted unless specifically denied in the pleadings. If the validity of signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity. In the alternative the DEFENDANTS claims that the paper sued on is not a negotiable instrument and thus not subject to UCC rules and regulations. In this action, the Defendants challenge the authority and the signatories on the security instruments and the endorsements. There are several reasons for the challenge including the fact that there are no endorsements on the copy of the Note attached to the Complaint. Defendants can challenge the authority of the signatories. *See Ederer v. Fisher,* 183 So 2nd 39, 41 (Fla. 2nd DCA 1966).

## SEVENTH AFFIRMATIVE DEFENSE

**FARGO** has failed to join indispensable parties, to wit: the party who holds or owns the Note and Mortgage, and this action cannot stand. In this case, WORLD SAVINGS BANK, FSB is not named a party.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is before this Court with Unclean Hands, due to a pattern of conduct displayed by the Lender and/or the Plaintiff where the Defendants are not afforded reasonable opportunity to be reviewed for HAMP and/or home-retention and/or loss mitigation programs before the commencement to the action. The Doctrine of Unclean Hands does not require a commission of a crime but only acts "condemned by honest and reasonable" persons. In this matter, the

7

Defendants have attempted to contact the Lender and/or Plaintiff in order to bring a resolution to

the issues, but the Lender and/or Plaintiff has failed to provide the opportunity to review the

Defendants under available programs. Therefore, the Plaintiff has failed to show compliance

with HAMP and/or other programs. See the ruling in *Wells Fargo Bank, N.A. v. Daniel S.*

*Schinke*, et al., No. EQCV077115, (Iowa 6th District Court in and For Linn County, April 8,

2013) as a persuasive argument.


## NINTH AFFIRMATIVE DEFENSE

**FARGO** has failed to file a Cost Bond as required by Florida Statute 57.011. **FARGO** is

a foreign corporation, and is not in compliance with required filing procedures for all nonresident

plaintiffs that begin an action in the state of Florida. According to the statute, "On failure to file

such bond within 30 days after such commencement or such removal [of said action in the

court], the Defendants may, after 20 days' notice to plaintiff (during which the plaintiff may file

such bond), move to dismiss the action or may hold the attorney bringing or prosecuting the

action liable for said costs and if they are adjudged against plaintiff, an execution shall issue

against said attorney."


**WHEREFORE**, the DEFENDANTS **GARCIA & COSME**, pray that this Honorable Court

dismiss this action in total, ordering that the Plaintiff, **FARGO,** take nothing by this action;

award the DEFENDANTS twice the finance charge in connection with this transaction, and

interest on all the amounts, and award costs and reasonable attorney fees as provided by Fla.Ch

57.105, and the mortgage and note, and such other relief as this Court deems just and proper.

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the above has been furnished by e-mail this _9th_ day of _December_ 2014 to: ALDRIDGE |CONNORS, LLP at ServiceMail@aclawllp.com.

.

CORONA LAW FIRM, P.A.
3899 NW 7th St., Suite 202-B
Miami, Florida 33126
Telephone: (305) 266-1150
Facsimile: (305)266-1151
Primary Email: foreclosure@coronapa.com
Secondary Email: aalvarez@coronapa.com

By: _America Alvarez_
RICARDO R. CORONA
Attorney for Defendants
Florida Bar No: 111333
AMERICA ALVAREZ
Florida Bar No: 0716080

9

CFN: 20160191166 BOOK 30020 PAGE 1999
DATE:04/01/2016  08:12:45 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE C

IN THE CIRCUIT COURT OF THE ELEVENTH
JUDICIAL CIRCUIT

IN AND FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 2012-39708-CA-01 (24)

WELLS FARGO BANK, N.A.,
Plaintiff,

VS.

JOEL GARCIA; LERIDA M. COSME;  UNKNOWN SPOUSE OF JOEL GARCIA;
UNKNOWN SPOUSE OF LERIDA M. COSME; MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FREMONT
INVESTMENT AND LOAN; UNIFUND CCR PARTNERS, G.P.; MARYSOL
SANTOS; MIAMI-DADE COUNTY CLERK OF THE COURT; UNITED STATES
OF AMERICA ; MIDLAND FUNDING, LLC; CITIBANK (SOUTH DAKOTA)
N.A.; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH,
UNDER AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S)
WHO ARE NOT KNOWN TO BE DEAD OR ALIVE, WHETHER SAID
UNKNOWN PARTIES MAY CLAIM AN INTEREST AS SPOUSES, HEIRS,
DEVISEES, GRANTEES, OR OTHER CLAIMANTS; UNKNOWN TENANT #1,
UNKNOWN TENANT #2, UNKNOWN TENANT #3, UNKNOWN TENANT #4,
the names being fictitious to account for parties in possession

Defendant(s).
_____/

**FINAL JUDGMENT OF FORECLOSURE**

    **THIS ACTION** was heard before the Court at Non-Jury Trial on March 31, 2016.  On
the evidence presented, **IT IS ORDERED AND ADJUDGED** that Final Judgment of
Foreclosure is **GRANTED** in favor of the Plaintiff against all Defendants listed by name: JOEL
GARCIA; LERIDA M. COSME; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,
INC., AS NOMINEE FOR FREMONT; UNIFUND CCR PARTNERS, G.P.; MARYSOL
SANTOS; MIAMI-DADE COUNTY CLERK OF THE COURT; UNITED STATES OF
AMERICA; DEPARTMENT OF TREASURY- INTERNAL REVENUE SER; MIDLAND
FUNDING, LLC; CITIBANK (SOUTH DAKOTA) N.A.;

1.    **Amounts Due and Owing.**  Plaintiff is due:

| | |
|---|---|
| Principal due on the note secured by the mortgage foreclosed: | $148,348.00 |
| Non Interest Second Principal | $44,514.43 |
| Interest from 02/01/2012 to 03/17/2016 @Variable rate(s) | $13,299.30 |



CFN: 20160191166 BOOK 30020 PAGE 2000

| | |
|---|---|
| Pre-Acceleration Late Charges | $115.68 |
| Hazard Insurance | $10,352.40 |
| Taxes | $4,210.17 |
| Property Inspection/Preservation | $165.00 |

Attorneys' Fees:
Foreclosure Attorney's fees  $2,800.00
Litigation Attorney's fees     $2,055.00
Finding as to reasonable number of hours (13.70 hours)
Finding as to reasonable hourly rate ($150.00/hour)
Trial Attorney's fees  $1,800.00
Finding as to reasonable number of hours (12 hours)
Finding as to reasonable hourly rate ($150.00/hour)

| | |
|---|---|
| Attorneys' Fees Total | $7,555.00 |

\* (The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.)

Court Costs, Now Taxed:

| | |
|---|---|
| Title Update Cost | $75.00 |
| Service Cost | $885.00 |
| Lis Pendens Cost | $11.00 |
| Complaint Filing Cost | $906.00 |
| Full Title Cost | $250.00 |
| **GRAND TOTAL** | $230,686.98 |

2. **Interest.** The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 4.75% a year.

3. **Lien on Property.** Plaintiff, whose address is PO BOX 14531, DES MOINES, IA 50306, holds a lien for the grand total sum superior to all claims or estates of the defendant(s) JOEL GARCIA; LERIDA M. COSME; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FREMONT; UNIFUND CCR PARTNERS, G.P.; MARYSOL SANTOS; MIAMI-DADE COUNTY CLERK OF THE COURT; UNITED STATES OF AMERICA, DEPARTMENT OF TREASURY- INTERNAL REVENUE SER; MIDLAND FUNDING, LLC; CITIBANK (SOUTH DAKOTA) N.A, on the following described property in Miami Dade County, Florida:

**LOT 7, BLOCK 10, OF BISCAYNE GARDENS SECTION F, PART 2, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 50, AT PAGE 8, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA**

CFN: 20160191166 BOOK 30020 PAGE 2001

**Property Address: <u>1078 NW 145TH STREET, MIAMI, FLORIDA 33168</u>**

4. **Sale of property.** If the grand total amount with interest at the rate described in Paragraph 2 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale. Pursuant to Administrative Order 09-18, the Clerk of the Courts for the Eleventh Judicial Circuit is authorized to conduct on-line public auctions of real property in lieu of on-site auctions. The Clerk of the Courts shall conduct the sale online at www.miamidade.realforeclose.com commencing at 9:00 A.M. on _8-1-16_, 201__, to the highest bidder for cash. _IN EXchange for an extended Sale date of 180 days, Counsel for Defendant waiver right_

5. If applicable, Plaintiff, its successors or assigns, is entitled to safe harbor under F.S. 720 or 718, respectively, and as such is only responsible to pay 1% of the subject mortgage or one (1) year of regular periodic assessments, at the time Certificate of Title is issued vesting title to Plaintiff, its successors or assigns. Plaintiff, including its successors and assigns, is not responsible for interest, late fees, collection costs or attorney's fees incurred prior to the issuance of the certificate of title.

6. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title. If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

7. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

8. **Right of Redemption/Right of Possession.** Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Section 45.01315, Florida Statutes (2013) shall be terminated, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any. Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to tenant protections in compliance with the provisions of Section 83.561, Fla. Stat. (2015).

9. *Jurisdiction. Jurisdiction of this action is retained to enter further orders that are proper including, without limitation, a deficiency judgment,* ~~and orders relating to supplemental proceedings to address any omitted parties who may possess an interest in the~~

CFN: 20160191166 BOOK 30020 PAGE 2002

*property. Jurisdiction of this action is further retained to allow Plaintiff to file post-judgment motions seeking a determination on the amounts of assessments due to any Associations under §718.116 and §720.3085, Fla. Stat. See Central Mortg. Co. v. Callahan, No. 3D13-1672, 2014 WL 3455485 (Fla. 3d DCA 2014) (specific reservation of jurisdiction required to determine amount of assessments due to Associations).*

10.    **Attorneys' Fees.**
The court finds, based upon the affidavits/testimony presented and upon reasonable inquiry of counsel for the plaintiff that 25.70 hours were reasonably expended by that plaintiff's counsel and that an hourly rate of $150.00 is appropriate. Plaintiff s counsel represents that the attorneys' fee awarded does not exceed its contract fee with the plaintiff. The court finds that there is/are no reduction or enhancement factors for consideration by the court pursuant to Florida Patients Compensation Fund v. Rowe, 472 So. 2d 1145 (Fla. 1985). (If the court has found that there are reduction or enhancement factors to be applied, then reduction or enhancement factors must be identified and explained herein).

The requested attorneys' fees are a flat rate fee that the firm's client has agreed to pay in this matter. Given the amount of the fee requested and the labor expended, the court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

    11. **Jurisdiction.** The Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession and deficiency judgments.

12.    The United States of America shall have the right of redemption as provided in Title 28 U.S.C.A. Section 2410(c). Further, the United States of America shall not be bound by the sixty (60) day time period imposed by Fla. Stat. Section 45.032 upon motions for distribution of surplus proceeds.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

CFN: 20160191166 BOOK 30020 PAGE 2003

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI , FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY

FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.

DONE AND ORDERED in Miami, Miami Dade County, Florida, this _____ day of _____, 201_.

_____
Circuit Judge

**Copies Furnished to:**

ALDRIDGE | PITE, LLP
Attorney for Plaintiff
1615 South Congress Avenue
Suite 200
Delray Beach, FL 33445
Primary E-Mail: ServiceMail@aldridgepite.com

Ricardo M Corona 107684 for Def
Debbie C Isles 08692 A Plaintiff

MAR 31 2016

JON I. GORDON
SENIOR JUDGE

CFN: 20160191166 BOOK 30020 PAGE 2004

Mortgage Electronic Registration Systems, Inc., as nominee for Fremont Investment and Loan
c/o CT Corporation System, Registered Agent
1200 S. Pine Island Road
Plantation, FL 33324

Unifund CCR Partners, G.P.
10625 Teachwoods Circle
Cincinnati, OH 45242

Marysol Santos
776 W 64th Drive
Hialeah, FL 33012

Miami-Dade County Clerk of the Court
c/o Clerk of the Court or any party authorized to accept service
73 West Flagler Street, Suite 242
Miami, FL 33130

Midland Funding, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

Citibank (South Dakota) N.A.
701 East 60th Street North
Sioux Falls, SD 57104-049

Joel Garcia and Lerida M. Cosme
c/o Ricardo Corona, Esq.
Corona Law Firm, P.A.
3899 NW 7th Street, Second Floor
Miami, FL 33126
Email: foreclosure@coronapa.com
aalvarez@coronapa.com

United States of America
c/o United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
usafls.2410@usdoj.gov